Filed 9/24/13  Hall v. Harris CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| RICHARD GORDON HALL, | D062804 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. MCR11177) |
| KAMALA D. HARRIS, as Attorney General, etc., | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of San Diego County, Amalia L. Meza, Judge.  Affirmed.

Kurt D. Hermansen, under appointment by the Court of Appeal, for Plaintiff and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, William M. Wood and Marvin E. Mizell, Deputy Attorneys General, for Defendant and Respondent.

In mandamus proceedings before the trial court, the court relieved Richard Hall of the mandatory lifetime sex offender registration requirement arising from his sex offense conviction, but imposed the discretionary lifetime registration requirement. On appeal, Hall argues the trial court's decision to impose the discretionary registration requirement violates *Apprendi*[1] and ex post facto principles because the registration requirement now incorporates a *punitive* residency restriction. He requests that we reverse the order imposing the discretionary registration requirement, or alternatively, that we direct the trial court to issue an order declaring he is not subject to the statutory residency restriction applicable to sex offender registrants.

On appeal, the People maintain that the statutory residency restriction does not apply to Hall because he is a probationer, not a parolee. On this record, we accept the People's concession and do not decide the underlying issues presented in this appeal. Accordingly, we construe the judgment as not imposing the statutory residency restriction and affirm.

---

[1] *Apprendi v. New Jersey* (2000) 530 U.S. 466.

BACKGROUND

A. *Sex Offender Registration Requirements and Residency Restrictions*

The Penal Code allows for the imposition of a lifetime registration requirement on sex offenders. (Pen. Code, § 290 et seq.)[2] The registration requirement is mandatory for a defendant convicted of a statutorily-specified sex offense (§ 290, subd. (c)), and is discretionary for a defendant convicted of any other offense (§ 290.006). To impose the discretionary registration requirement, the court must find that the defendant "committed the offense as a result of sexual compulsion or for purposes of sexual gratification[,]" and must "state on the record the reasons for its findings and the reasons for requiring registration." (§ 290.006.)

When Proposition 83 (Jessica's Law) was passed in 2006, the Penal Code was amended to add a residency restriction applicable to sex offender registrants. (See *In re E.J.* (2010) 47 Cal.4th 1258, 1263 (*E.J.*).) The section, which is included in a portion of the Penal Code addressing parolees, provides in relevant part as follows: "(b) Notwithstanding any other provision of law, it is unlawful for any person for whom registration is required pursuant to Section 290 to reside within 2000 feet of any public or private school, or park were children regularly gather." (§ 3003.5, subd. (b).) The statute also prohibits sex offender registrants from living in a single family dwelling with other unrelated sex offender registrants and allows municipalities to enact additional residency

---

[2]     Subsequent unspecified statutory references are to the Penal Code.

restriction ordinances.3  To implement this residency restriction, a state regulation concerning parolees now provides:  "A person released on parole on or after November 8, 2006, who is required to register pursuant to PC sections 290 through 290.023, inclusive, shall not reside within 2,000 feet of any public or private school, kindergarten through 12th grade, or park where children regularly gather."  (Cal. Code Regs., tit. 15, § 3571, subd. (c).)

## B. *Mandate Proceedings Before the Trial Court*

In 1991, Hall pled guilty to violating section 288a, subdivision (a)(2), oral copulation by a defendant over age 21 against a victim under age 16.  Hall was given a suspended prison sentence and placed on probation.  Because his offense was listed as an offense requiring mandatory registration, the court imposed the mandatory registration requirement.  Hall's probation ended in 1994.  In 2010, he pled guilty to failing to register and he was granted probation.

---

3     Section 3003.5 states:  "(a) Notwithstanding any other provision of law, when a person is released on parole after having served a term of imprisonment in state prison for any offense for which registration is required pursuant to Section 290, that person may not, during the period of parole, reside in any single family dwelling with any other person also required to register pursuant to Section 290, unless those persons are legally related by blood, marriage, or adoption.  For purposes of this section, 'single family dwelling' shall not include a residential facility which serves six or fewer persons.  [¶] (b) Notwithstanding any other provision of law, it is unlawful for any person for whom registration is required pursuant to Section 290 to reside within 2000 feet of any public or private school, or park where children regularly gather.  [¶]  (c) Nothing in this section shall prohibit municipal jurisdictions from enacting local ordinances that further restrict the residency of any person for whom registration is required pursuant to Section 290."

4

Meanwhile, in 2006 the California Supreme Court ruled the mandatory registration requirement for certain sex offenders violated equal protection principles given that similarly situated sex offenders were not subject to the mandatory requirement. (*People v. Hofsheier* (2006) 37 Cal.4th 1185, 1206-1207.) Based on this authority, in October 2011 Hall filed the writ of mandate petition in superior court that is currently before us on appeal. The trial court granted his request that he be relieved from the mandatory registration requirement. However, the court rejected Hall's claim that, under *Apprendi* principles, he could not be subjected to the discretionary registration requirement absent a jury finding (or admission) of the requisite facts for imposition of the discretionary requirement. The court concluded the registration requirement was not punitive and thus *Apprendi* did not apply. Following an evidentiary hearing, the court found Hall's 1991 offense was sexually motivated and he could still pose a danger to the public, and imposed the discretionary registration requirement.

Although Hall was still on probation at the time of the mandate proceedings for his failure to register conviction in 2010, the record on appeal does not set forth the details of his probation conditions. Of particular relevance here, there is nothing indicating whether the authorities were requiring Hall to adhere to the statutory residency restriction. Further, Hall and the prosecutor mentioned the statutory residency restriction in written pleadings discussing whether the registration requirement was punitive, but the court made no mention of the residency restriction when it ruled the registration

requirement was not punitive and hence not subject to *Apprendi*.[4] Additionally, when the court issued its ruling finding that the facts of the underlying predicate crime warranted imposition of the discretionary registration requirement, the court ordered Hall to comply with the registration requirement, but again made no mention of the residency restriction.

## DISCUSSION

When the state imposes a *punishment* on a defendant, several constitutional rights or restrictions are triggered, including (1) the *Apprendi* right to have the jury, not the trial judge, decide all facts that increase the penalty beyond the maximum punishment authorized for the offense, and (2) the ex post facto prohibition on retroactive application of a law to events that occurred before enactment of the law. (*People v. Picklesimer* (2010) 48 Cal.4th 330, 343-344 (*Picklesimer*); *E.J., supra*, 47 Cal.4th at p. 1279.)

The California Supreme Court has determined that the lifetime sex offender *registration requirement* is *not* a punitive consequence; hence, it is well established that the registration requirement (standing alone) does not implicate *Apprendi* or ex post facto principles. (*People v. Castellanos* (1999) 21 Cal.4th 785, 788, 795-796 [no ex post facto violation due to nonpunitive nature of registration requirement]; *People v. Presley* (2007)

---

4       Hall argued the discretionary registration requirement had become punitive because of various statutory augmentations to the law, including the 2006 enactment of the residency restriction. The People argued the registration requirement had not been rendered punitive due to the statutory residency restriction because "the constitutionality of the residency requirement is currently being litigated . . . ."

156 Cal.App.4th 1027, 1032-1033 [no *Apprendi* violation due to nonpunitive nature of registration requirement].)  As explained in *Castellanos*, the registration requirement is not punitive in intent or effect because it is designed as a regulatory measure (i.e., to control crime and prevent recidivism by making sex offenders readily available for police surveillance), and the burden it imposes (although substantial) is "no more onerous than necessary to achieve the purpose of the statute." (*Castellanos, supra*, 21 Cal.4th at p. 796.)

Further, the California Supreme Court has determined that when the *residency restriction* applicable to sex offender registrants is imposed as a statutory condition of *parole* "it does not additionally punish for the sex offense conviction" that gave rise to the lifetime registration requirement. (*E.J., supra*, 47 Cal.4th at p. 1280.)  Rejecting an ex post facto challenge, the *E.J.* court reasoned that imposition of the residency restriction on parolees who were released from prison after the statute's effective date did not constitute retroactive application of a punishment for the underlying sex offense, but rather constituted a prospective response to the offenders' noncompliant residency conduct during the parole period. (*Id.* at pp. 1279-1280.)

However, the *E.J.* court did not resolve whether the statutory residency restriction applied to offenders other than parolees, nor whether the residency restriction is a punitive consequence for the sex offense if it is imposed beyond the parole period; i.e., as a *lifetime restriction* automatically accompanying, by operation of law, the lifetime

7

registration requirement.[5]  In a decision subsequent to *E.J.*, the California Supreme Court recognized that in contexts distinct from the *E.J.* case, the punitive nature of the residency restriction was unresolved, but it did not decide the issue because it was not necessary to do so given the posture of the case before it.  (*Picklesimer, supra*, 48 Cal.4th at pp. 343-344.)  The issue Hall raises here—the punitive nature of the statutory residency restriction imposed outside of the parole context (presumably for a lifetime)—is currently pending before the California Supreme Court in *People v. Mosley* (2010) 188 Cal.App.4th 1090, review granted January 26, 2011, S187965.[6]

The Attorney General's primary position in this appeal is that the residency restriction set forth in section 3003.5, subdivision (b) applies solely to *parolees*, and hence it is inapplicable to Hall because he is not a parolee.  In his reply brief, Hall states

---

[5]  The *E.J.* court noted that it was not faced with the question of whether the residency restriction statute creates a new misdemeanor offense applicable to all registered sex offenders regardless of parole status.  (*E.J., supra*, 47 Cal.4th at p. 1271, fn. 5.)  The *E.J.* court stated that it was clear the residency restriction was intended to apply as a condition of parole, noting that the provision was located in the Penal Code chapter addressing parole, and the Legislative Analyst had told voters that a violation of the provision would constitute both a parole violation and a misdemeanor offense.  (*Id*. at p. 1271.)

[6]  In *Mosley*, the defendant received a jail sentence, and the discretionary lifetime sex offender registration requirement was imposed as part of his sentence.  The appellate court apparently construed the statutory residency restriction as part of the sentence by operation of law and as lasting for a lifetime, and found it to be punitive.
Our high court has also placed several cases on "grant and hold" status pending its decision in *Mosley*.  (*People v. Hass*, review granted Mar. 14, 2012, S199833 [residency restriction is punitive]; *In re J.L.* (2010) 190 Cal.App.4th 1394, review granted Mar. 2, 2011, S189721 [same]; *In re S.W.*, review granted Jan. 26, 2011, S187897 [residency restriction is not punitive].)

that if we accept the Attorney General's concession that the residency restriction does not apply to him, we need not reach his constitutional challenges.

The record on appeal shows the trial court did not refer to the residency restriction when imposing the discretionary registration requirement on Hall, and there is nothing indicating the residency restriction has ever been imposed on Hall by the authorities. The Attorney General in effect concedes that, because Hall was not sentenced to prison and will not be a parolee, the statutory residency restriction does *not* apply to him by operation of law upon imposition of the registration requirement. Under these circumstances and without deciding the issue, we accept the People's concession that Hall's status as a sex offender registrant does not automatically subject him to the residency restriction under section 3003.5, subdivision (b). (See *Picklesimer, supra*, 48 Cal.4th at pp. 341-342 [court accepts People's concession, without deciding the issue, that defendant is not subject to mandatory registration requirement]; *In re James F*. (2008) 42 Cal.4th 901, 911.) Accordingly, we need not reach the issues of whether the statutory residency restriction applies by operation of law to sex offender registrants who are probationers rather than parolees; whether the residency restriction lasts a lifetime as an adjunct of the lifetime registration requirement; nor whether the statutory residency restriction (outside of the parole context) is punitive in nature so as to implicate ex post facto and/or *Apprendi* constitutional concerns. The California Supreme Court will likely provide guidance on these issues when it renders its decision in the pending *Mosley* case, but we need not address them given the People's concession in this case.

9

Hall requests that we reverse the judgment and direct the trial court to issue a writ ordering the People not to enforce the statutory residency restriction against him. This is not necessary. The trial court's order only requires Hall to comply with the registration requirement, and it makes no mention of the residency restriction. Based on our acceptance of the People's concession that the statutory residency restriction is not applicable to Hall, we do *not* construe the trial court's order as imposing (by operation of law) the statutory residency restriction in conjunction with the lifetime registration requirement.

DISPOSITION

The judgment is affirmed.


HALLER, J.

WE CONCUR:


HUFFMAN, Acting P. J.


AARON, J.

10