Filed 12/12/13  P. v. Chen CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B242674 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA056094) |
| v. | |
| WEITING CHEN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Wade D. Olson, Judge.  Affirmed.

Jaime Jasso for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Michael R. Johnsen and Esther P. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant, Weiting Chen, appeals the trial court's denial of a post-judgment motion to vacate his conviction for selling methamphetamine (Health & Saf. Code, § 11379).

The order denying Chen's motion is affirmed.

## BACKGROUND

In May 2001, Chen pled guilty to selling 3.26 grams of methamphetamine in violation of Health and Safety Code section 11379. Imposition of sentence was suspended and Chen was placed on probation for three years. In November 2004, Chen petitioned to have his felony conviction reduced to a misdemeanor under Penal Code section 17, subdivision (b)(3),[1] and to have his guilty plea set aside under section 1203.4 because he had fulfilled the conditions of his probation.[2] In January 2005, the trial court vacated the guilty plea and dismissed the case pursuant to section 1203.4, but denied Chen's request to reduce the conviction to a misdemeanor.

On April 25, 2012, Chen filed a new motion, this time asking the trial court to vacate his conviction in the interest of justice under section 1385. Chen declared he was a lawful permanent resident, having immigrated to the United States from Taiwan at a young age, and that if he left the country as planned, to get married in Taiwan,

---

[1]     All further references are to the Penal Code unless otherwise specified.

[2]     Section 1203.4 provides, in pertinent part, that after fulfilling all conditions of probation, "the defendant shall . . . be permitted by the court to withdraw his or her plea of guilty . . . and enter a plea of not guilty . . . and . . . the court shall thereupon dismiss the accusations or information against the defendant and except as noted below, he or she shall thereafter be released from all penalties and disabilities resulting from the offense of which he or she has been convicted." This procedure is sometimes referred to as "expungement" of the conviction. However, "Penal Code section 1203.4 does not, strictly speaking, 'expunge' the conviction, nor render the conviction 'a legal nullity.' [Citation.] For example, charges dismissed under Penal Code section 1203.4 may be treated as convictions for some purposes (e.g., impeachment with prior conviction in a future prosecution). However, the 'release[ ] from penalties and disabilities' is a palpable benefit, such that the conviction may be treated as if it were not a conviction for most purposes." (*People v. Holman* (2013) 214 Cal.App.4th 1438, 1463.)

immigration authorities would use the conviction to prevent his readmission to the United States. The People opposed this request.

The trial court denied Chen's motion, saying: "Based upon the review of all the documents submitted, the court can . . . find no justification to grant said motion. Several reasons. But first off, I don't even think there's jurisdiction and I don't think it falls under [section] 1385. If it did, the court has already done everything that the court could do. This is a nonreducible offense.[3] The court did grant a [section] 1203.4 dismissal previously. And if the court had discretion under anything, any further, I would not exercise that discretion to grant so motion is denied."

## CONTENTION

The trial court erred by denying Chen's motion to vacate his conviction.

## DISCUSSION

Chen contends the trial court erred by finding it had no jurisdiction to entertain the request to have his conviction vacated. This claim is meritless.

As our Supreme Court explained in *People v. Picklesimer* (2010) 48 Cal.4th 330, 337: " 'There is no statutory authority for a trial court to entertain a postjudgment motion that is unrelated to any proceeding then pending before the court. [Citation.] Indeed, a motion is not an independent remedy. It is ancillary to an on-going action and " 'implies the pendency of a suit between the parties and is confined to incidental matters in the progress of the cause. As the rule is sometimes expressed, a motion relates to some question collateral to the main object of the action and is connected with, and dependent on, the principal remedy.' " [Citation.] In most cases, after the judgment has become final, there is nothing pending to which a motion may attach.' [Citation.]"

---

[3] The trial court was apparently referring to the fact Chen's drug offense was a straight felony, not a wobbler.

3

*Picklesimer* acknowledged there were some exceptions to this rule: "These exceptions generally arise in instances where the Legislature has expressly authorized such a motion. (See, e.g., § 17, subd. (b)(3) [motion to reduce a 'wobbler' to a misdemeanor]; § 1016.5, subd. (b) [motion to vacate judgment and withdraw a plea based on the immigration consequences of the plea]; § 1203.4 [motion by probationer to vacate plea and dismiss charges]; § 1473.6 [motion to vacate judgment based on newly discovered evidence of fraud].)" (*People v. Picklesimer, supra,* 48 Cal.4th at p. 337, fn. 2.) Chen asserts the trial court did have jurisdiction because his "section 1385 motion . . . arose as a supplemental companion to a motion to vacate plea and dismiss the charges under section 1203.4, *i.e.*, one of the statutory motions expressly authorized by the Legislature as recognized" by *Picklesimer*." But that section 1203.4 motion was no longer extant; it had already been granted years earlier.

As the Attorney General points out, a remarkably similar situation arose in *People v. Kim* (2012) 212 Cal.App.4th 117. Kim, having immigrated to the United States at the age of six from South Korea, was a lawful permanent resident who faced immigration problems because of his criminal conduct. "Fourteen years after pleading guilty to petty theft with a prior and 12 years after having served a three-year prison sentence for the conviction, . . . Kim invited the trial court to dismiss the action in the interests of justice pursuant to Penal Code section 1385. The trial court accepted the invitation and dismissed the action on its own motion over the People's objections." (*Id*. at p. 119, fn. omitted.) The Court of Appeal reversed because "a trial court has no authority to dismiss an action after judgment has been imposed and the defendant has served his or her sentence." (*Ibid*.)

*Kim* explained: "Section 1385, subdivision (a), authorizes the trial court to 'order an action to be dismissed' if the dismissal is 'in furtherance of justice.' [¶] Defendant, however, is not seeking dismissal of a pending action or charges or allegations in an indictment or information, but rather vacation of a long since final judgment of conviction. Use of section 1385 in that manner would be inconsistent with the Supreme Court's strict focus on the language of the statute. [¶] 'Our case law has construed

4

section 1385 to permit a court to dismiss individual counts in accusatory pleadings [citation], sentencing enhancements [citation], allegations that the defendant has suffered a prior conviction [citation], and allegations that the defendant has suffered a prior "strike . . . ." ' [Citation.] But the section 'has never been held to authorize dismissal of an action after the imposition of sentence and rendition of judgment.' [Citation.] And such a construction of section 1385 would be impossible to reconcile with the Supreme Court's careful delineation of the available avenues for postjudgment relief . . . ." (*People v. Kim, supra,* 212 Cal.App.4th at p. 122-123.) "In short, judgment had been imposed and [Kim] had served his prison sentence in this case. The trial court therefore had no authority to dismiss the action pursuant to section 1385." (*Id*. at p. 125.)

Chen offers no argument whatsoever as to why *Kim* should not apply to his case. We conclude that, just like the situation in *Kim*, Chen's free-floating motion to have his conviction vacated did not give the trial court jurisdiction. "[I]t is well established that a court may exercise its power to strike under section 1385 'before, during or after trial,' *up to the time judgment is pronounced*." (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 524, fn. 11, italics added.) "Although the discretion of a trial judge to dismiss a criminal action under Penal Code section 1385 in the interests of justice 'may be exercised at any time during the trial, including after a jury verdict of guilty' [citation], this statute has never been held to authorize dismissal of an action after the imposition of sentence and rendition of judgment. [Citation.]" (*People v. Barraza* (1994) 30 Cal.App.4th 114, 121, fn. 8.)

Moreover, as the Attorney General points out, the trial court clearly indicated that even if it had jurisdiction to entertain Chen's motion, it would have denied the relief he was requesting.

The trial court did not err by denying Chen's post-judgment motion to vacate his conviction.

**DISPOSITION**

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


KLEIN, P. J.


We concur:



CROSKEY, J.



ALDRICH, J.


6