Filed 12/18/20  P. v. Owens CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C091455 |
| v. | (Super. Ct. No. 05F02095) |
| CLAUDE OWENS, | |
| Defendant and Appellant. | |

In 2005, defendant Claude Owens pleaded guilty to shooting at an occupied dwelling (Pen. Code, § 246)[1] and admitted personally discharging a handgun in the commission of the offense (§ 12022.53, subd. (d)).  He was 17 years old when he committed the crime.  The trial court sentenced him to a determinate term of three years for the shooting and an indeterminate term of 25 years to life for the firearm enhancement.

---

[1]  Undesignated statutory references are to the Penal Code.

1

In 2019, representing himself, defendant filed a petition asking the trial court to recall his sentence, strike the firearm enhancement pursuant to Senate Bill No. 620 (2017-2018 Reg. Sess.), and provide him with a hearing under *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*) to supplement the record with evidence relevant to a future youth offender parole hearing. Defendant's request for a *Franklin* hearing cited Senate Bill No. 260 (2013-2014 Reg. Sess.) and sections 3051 and 4801, stating he was 17 when he committed the crime, he was sentenced to a term of 28 years to life, and he had no prior opportunity at his sentencing to include evidence relevant to a youth offender parole hearing.

The trial court denied the petition. It denied the Senate Bill No. 620 request on the ground that the change in the law does not apply retroactively to defendant's final judgment. And it denied the request for a *Franklin* hearing without prejudice, stating that under *In re Cook* (2019) 7 Cal.5th 439, 452 (*Cook*), the proper approach is for defendant to file a section 1203.01 motion in the trial court.

## DISCUSSION

Defendant's sole contention on appeal is that the trial court should have treated his petition as a motion for a *Franklin* hearing and granted the motion. The Attorney General agrees.

### A

Effective January 1, 2014, Senate Bill No. 260 added, among other provisions, section 3051. (Stats. 2013, ch. 312, § 4; *Franklin, supra*, 63 Cal.4th at p. 276.) With certain exceptions not applicable here, former section 3051 provided an opportunity for an offender who was under 18 years of age at the time of the offense to be released on parole irrespective of the sentence imposed by the trial court. It required the Board of Parole Hearings to conduct a youth offender parole hearing on a set schedule depending on the length of the prisoner's sentence. For example, for a sentence of 25 years to life, the hearing would be held during the 25th year of incarceration. (Former § 3051,

2

subd. (b)(3).) Effective January 1, 2016, the Legislature increased the age of qualification for a youth offender parole hearing from under 18 years of age at the time of the commission of the offense to under 23 years of age. (Stats. 2015, ch. 471, § 1; *Franklin,* at p. 277.)

The California Supreme Court subsequently decided *Franklin*, which held that section 3051's provision of a youth offender parole hearing mooted the juvenile defendant's constitutional challenge to his sentence of 50 years to life by providing "a meaningful opportunity for release during his 25th year of incarceration." (*Franklin, supra*, 63 Cal.4th at pp. 279-280.) However, to ensure that the youth offender parole hearing would provide the defendant with a meaningful opportunity for release, the court in *Franklin* remanded the case to the trial court for the limited purpose of determining "whether [the defendant] was afforded sufficient opportunity to make a record of information relevant to his eventual youth offender parole hearing." (*Id*. at p. 284.) The court noted that "[a]ssembling such statements 'about the individual before the crime' is typically a task more easily done at or near the time of the juvenile's offense rather than decades later when memories have faded, records may have been lost or destroyed, or family or community members may have relocated or passed away." (*Id*. at pp. 283-284.)

Effective January 1, 2018, the Legislature again increased the age of qualification. (Stats. 2017, ch. 684, § 1.5.) Section 3051 now provides for a youth offender parole hearing for "any prisoner who was 25 years of age or younger . . . at the time of the controlling offense." (§ 3051, subd. (a).)

The following year, the Supreme Court decided *Cook, supra*, 7 Cal.5th 439, explaining the process for a defendant whose judgment was final. "For inmates like Cook who seek to preserve evidence following a final judgment, the proper avenue is to file a motion in superior court under the original caption and case number, citing the authority of section 1203.01 and today's decision. The motion should establish the

inmate's entitlement to a youth offender parole hearing and indicate when such hearing is anticipated to take place, or if one or more hearings have already occurred." (*Id.* at p. 458.) The Supreme Court added that it would be improper for a court "to preclude a juvenile offender's chance to supplement the record with information relevant to his eventual youth offender parole hearing." (*Cook,* at p. 453; see *id.* at p. 459.)

B

Defendant notes that his petition did not cite section 1203.01 or *Cook* because his petition was filed almost two weeks before the Supreme Court decided *Cook*. That may be so, but because the trial court denied defendant's *Franklin* request without prejudice, defendant could have accepted the trial court's implicit invitation to file a section 1203.01 motion. In any event, the parties now agree that defendant is entitled to a *Franklin* hearing. To promote judicial economy, we will remand the matter and direct the trial court to provide defendant with such a hearing.

Defendant was under 25 years of age at the time of the offense and he will be eligible for a youth offender parole hearing. He was sentenced prior to the enactment of Senate Bill No. 260 or the issuance of the *Franklin* decision. (*People v. Rodriguez* (2018) 4 Cal.5th 1123, 1131 ["Without such notice, any opportunity to introduce evidence of youth-related factors is not adequate in light of the purpose of Senate Bill No. 260"].)

In addition, defendant's petition had many of the elements referenced in *Cook*. It was filed under the original caption and case number, it established his entitlement to a youth offender parole hearing, and it indicated he had not yet had such a hearing. It is clear that defendant sought a *Franklin* hearing. (*People v. Picklesimer* (2010) 48 Cal.4th 330, 340 [the label given a petition is not determinative].)

We will remand the matter so the trial court can provide "an opportunity to supplement the record with information relevant to [defendant's] eventual youth offender parole hearing. [Citation.] In so doing, the trial court may exercise its discretion to

4

conduct this process efficiently, ensuring that the information introduced is relevant, noncumulative, and otherwise in accord with the governing rules, statutes, and regulations."  (*People v. Rodriguez, supra*, 4 Cal.5th at p. 1132.)

## DISPOSITION

The trial court's denial of defendant's motion for a *Franklin* hearing is reversed and the matter is remanded for the trial court to provide the parties with an opportunity to supplement the record with information relevant to defendant's youth offender parole hearing.


_____/S/_____
MAURO, J.


We concur:


_____/S/_____
HULL, Acting P. J.


_____/S/_____
MURRAY, J.

5