Filed 4/14/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br>v.<br><br>GLENN DOUGLAS CRITES,<br><br>        Defendant and Appellant. | A162940<br><br>(Humboldt County<br>Super. Ct. No. 8098) |

Defendant, whose judgment for conviction for murder has been final for over 40 years, appeals an order denying his motion to correct information contained in his presentencing probation report. He contends the trial court erred in concluding that it lacked jurisdiction to consider his motion. We reverse.

**Background**

Defendant was convicted in August 1977 of first degree murder (Pen. Code,[1] § 187) receiving stolen property (§ 496), and auto theft (Veh. Code, former § 10851). The court sentenced defendant to an indeterminate term as prescribed under the law at the time. His conviction was affirmed (*People v. Crites* (Oct. 17, 1979, A17358) [nonpub. opn.].]) and the remittitur was issued in October 1979.

In March 2021, defendant filed a motion entitled, "motion for discovery and/or correction/expungement of erroneous information affecting 'liberty

---

[1] All statutory references are to the Penal Code unless otherwise noted.

1

interests' and 'due process' " in the superior court. His motion sought to correct information in his probation report regarding his alleged commission of rape offenses in Oregon. A clerk of the court rejected the motion, stating it lacked jurisdiction to consider the post-judgment motion.

On May 17, 2021, defendant filed a document arguing the court had jurisdiction to consider his claim under Code of Civil Procedure section 916, subdivision (b) and a motion for reconsideration. The court denied the motion, stating it lacked the authority to consider the motion under *People v. Davis* (2014) 226 Cal.App.4th 1353 and *People v. Picklesimer* (2010) 48 Cal.4th 330.

Defendant timely filed a notice of appeal.

## Discussion

In denying defendant's motion, the court relied on the long-standing rule that " '[t]here is no statutory authority for a trial court to entertain a postjudgment motion that is unrelated to any proceeding then pending before the court. [Citation.] Indeed, a motion is not an independent remedy. It is ancillary to an on-going action and " 'implies the pendency of a suit between the parties and is confined to incidental matters in the progress of the cause. As the rule is sometimes expressed, a motion relates to some question collateral to the main object of the action and is connected with, and dependent on, the principal remedy.' " [Citation.] In most cases, after the judgment has become final, there is nothing pending to which a motion may attach.' " (*People v. Picklesimer, supra*, 48 Cal.4th at p. 337.)

Defendant contends, nonetheless, that the court had jurisdiction under section 1203.01, subdivision (a) as interpreted by *In re Cook* (2019) 7 Cal.5th

439 (*Cook*).[2] In *Cook,* the court held that a juvenile offender who is eligible for a youthful offender parole hearing but who was sentenced before the change in the law and thus was unable to provide the supplemental information contemplated in *People v. Franklin* (2016) 63 Cal.4th 261, may file a motion pursuant to section 1203.01 requesting "an evidence preservation proceeding as envisioned in *Franklin.*" (*Cook, supra*, at pp. 452, 458–459.) The court explained that section 1203.01 authorizes the trial court to create a postjudgment record for the benefit of the Department of Corrections and Rehabilitation but does not require that "statements by the judge and prosecutor should be filed '[i]mmediately after judgment has been pronounced.' " (*Cook, supra,* at p. 453.) Indeed, as the court observed, "There is no indication . . . that the statute's requirement deprives the court of authority to act at a later time." (*Ibid.*) The court concluded, "Penal Code section 1203.01, augmented by the court's inherent authority to craft

---

[2] Section 1203.01, subdivision (a) reads: "(a) Immediately after judgment has been pronounced, the judge and the district attorney, respectively, may cause to be filed with the clerk of the court a brief statement of their views respecting the person convicted or sentenced and the crime committed, together with any reports the probation officer may have filed relative to the prisoner. . . . The attorney for the defendant and the law enforcement agency that investigated the case may likewise file with the clerk of the court statements of their views respecting the defendant and the crime of which they were convicted. Immediately after the filing of those statements and reports, the clerk of the court shall mail a copy thereof, certified by that clerk, with postage prepaid, addressed to the Department of Corrections and Rehabilitation at the prison or other institution to which the person convicted is delivered. The clerk shall also mail a copy of any statement submitted by the court, district attorney, or law enforcement agency, pursuant to this section, with postage prepaid, addressed to the attorney for the defendant, if any, and to the defendant, in care of the Department of Corrections and Rehabilitation, and a copy of any statement submitted by the attorney for the defendant, with postage prepaid, shall be mailed to the district attorney."

necessary procedures under Code of Civil Procedure section 187,[3] authorizes it to preserve evidence as promptly as possible for future use by the Board of Parole Hearings. Transmission of that record to the Department of Corrections and Rehabilitation, in turn, enables the board to 'discharge its obligation to "give great weight to" youth-related factors [citation] in determining whether the offender is "fit to rejoin society." ' " (*Cook, supra,* at p. 455.)

Defendant acknowledges that he is not a juvenile offender entitled to a youthful offender parole hearing. He contends, however, that the court's interpretation of section 1203.01 applies with equal force to his motion. Like the appellant in *Cook*, "he is not seeking release. Nor does he challenge the jurisdiction of the court or the validity of the proceedings that led to his now final judgment and sentence. The relief he seeks . . . has nothing to do with the validity of a trial court's judgment." (*Cook, supra*, 7 Cal.5th at p. 457.)

The Attorney General correctly notes that defendant failed to assert his novel interpretation of section 1203.01 in the trial court and argues that defendant has therefore forfeited this argument on appeal. The Attorney General suggests that "given his argument that these authorities avoid the jurisdictional bar in his 40-year-old case, he appears to have an available remedy in the trial court. He can bring a section 1203.01/*Cook* motion in the trial court to give the court an opportunity to grant his request or deny it and develop an adequate record for appeal." The Attorney General continues, "If

---

[3] Code of Civil Procedure section 187 states: "When jurisdiction is, by the Constitution or this Code, or by any other statute, conferred on a Court or judicial officer, all the means necessary to carry it into effect are also given; and in the exercise of this jurisdiction, if the course of proceeding be not specifically pointed out by this Code or the statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this Code."

the trial court agrees that the youthful offender cases apply by analogy, it may grant his motion and hold such a hearing. [¶] The superior court could, of course, reject appellant's claim that *Cook/Franklin* extend beyond the youthful offender context. In addressing the claim directly, the superior court will develop an adequate record for appeal."

We fail to see the benefit of asking the trial court to decide in the first instance whether the trial court has jurisdiction under section 1203.01 to correct the record transmitted to the Department of Corrections. *Cook* does not carve out an exception for youthful offenders but instead relies on the plain language of section 1203.01 in finding authority for the motion. We see no reason why that holding would not apply in the present situation. Accordingly, we will reverse the order denying defendant's motion and instruct the court to consider the motion under section 1203.01.

We note, however, that defendant is not entitled to the expanded evidentiary preservation procedures afforded a youthful offender under *Franklin*. (*Franklin, supra*, 7 Cal.5th at p. 284 [At the proceeding, "the court may receive submissions and, if appropriate, testimony pursuant to procedures set forth in section 1204 and rule 4.437 of the California Rules of Court, and subject to the rules of evidence. [The defendant] may place on the record any documents, evaluations, or testimony (subject to cross-examination) that may be relevant at his eventual youth offender parole hearing, and the prosecution likewise may put on the record any evidence that demonstrates the juvenile offender's culpability or cognitive maturity, or otherwise bears on the influence of youth-related factors."].) Rather, section 1203.01, subdivision (a) merely authorizes "[t]he attorney for the defendant . . . [to] file with the clerk of the court [a] statement of their views respecting the defendant and the crime of which they were convicted."

## Disposition

The order denying defendant's motion is reversed and remanded for further proceedings consistent with this opinion.


POLLAK, P. J.

WE CONCUR:

STREETER, J.
BROWN, J.

6

| | |
|---|---|
| Trial court: | Humboldt County Superior Court |
| Trial judge: | Honorable Joyce D. Hinrichs |
| Counsel for plaintiff and respondent: | Rob Bonta<br>Attorney General of California<br>Lance E. Winters<br>Chief Assistant Attorney General<br>Charles C. Ragland<br>Senior Assistant Attorney General<br>Melissa Mandel<br>Supervising Deputy Attorney General<br>Joy Utomi<br>Deputy Attorney General |
| Counsel for defendant and appellant: | Richard Schwartzberg, by appointment of the Court of Appeal under the First District Appellate Project case system. |