Filed 3/4/26  P. v. Shaw CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANDRE CURTIS SHAW,<br><br>    Defendant and Appellant. | B341611<br><br>(Los Angeles County<br>Super. Ct. No. MA025252) |

APPEAL from an order of the Superior Court of Los Angeles County, Emily J. Cole, Judge.  Appeal is dismissed.

Gabrielle D. Trujillo, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Wyatt E. Bloomfield and Chelsea Zaragoza, Deputy Attorneys General, for Plaintiff and Respondent.

In 2006, a jury found Andre Shaw guilty of involuntary manslaughter and willful, deliberate, and premeditated attempted murder, with firearm enhancements on both counts.  The trial court sentenced Shaw to a term of 27 years to life.  In 2024, Shaw filed a request for recall and resentencing under Penal Code section 1172.1.[1]  The trial court denied the petition, stating that it did not have the jurisdiction to recall and resentence Shaw.

Shaw appeals, arguing that the trial court incorrectly concluded it lacked the discretion to resentence him based on a belief that there were no applicable changes in the law.  He contends this erroneous order affected his substantial rights and is therefore appealable.  Respondent contends the trial court's order is not appealable.  We agree with respondent that the court's denial of Shaw's petition did not affect his substantial rights.  We therefore dismiss the appeal.

## BACKGROUND

In 2004, Shaw was charged by information with murder (§ 187, subd. (a), count 1); assault with a deadly weapon (an automobile) (§ 245, subd. (a)(1), count 2); willful, deliberate, premeditated attempted murder (§§ 664, 187, subd. (a), count 3); and three counts of shooting from a motor vehicle (§ 12034, subd. (c), counts 4, 5 and 6).  The information further alleged firearm use enhancements as to each count (§§ 1203.06, subd. (a)(1), 12022.5, subd. (a)(1)), § 12022.53, subds. (b)-(d)).

The jury found Shaw guilty of involuntary manslaughter on count 1 and attempted murder on count 3, and not guilty on the remaining counts.  The jury also found true the allegations that Shaw personally used a firearm in the commission of count 1 within the meaning of section 12022.5, subdivision (a) and personally used and intentionally discharged a firearm in the commission of count 3 within the meaning of section 12022.53, subdivisions (b) and (c).  The trial court sentenced Shaw to a term of 27 years to life in prison for the attempted murder, including a term of 20 years for the section 12022.53, subdivision (c) enhancement, as well as a concurrent term of seven years for involuntary manslaughter.  This court affirmed the

---

[1]     All undesignated statutory references are to the Penal Code.

judgment on direct appeal, with a modification to the amount of the fees imposed. (*People v. Shaw* (Jan. 12, 2009, B193550) [nonpub. opn.].)

In July 2024, Shaw filed a form petition for recall and resentencing. He checked the boxes indicating he was eligible for resentencing under section 1172.1 because of changes in the law since his sentencing, specifically sections 1385 and 1170 and 1170.1. Shaw attached a letter expressing remorse for his crimes and detailing his efforts at improvement in prison, as well as a "relapse prevention plan." He also attached program certificates, laudatory chronos, and other materials.

On August 23, 2024, the court issued a written order summarily denying Shaw's petition for re-sentencing. The order stated, "This Court does not have the jurisdiction to recall and resentence the defendant as he was properly sentenced in 2006. [¶] None of the new laws passed have any effect on the charges or allegations that the defendant was convicted of. The defendant is still serving a sentence based on current valid law. [¶] The Court would like to congratulate the defendant on the programs he is participating in and encourages him to continue to do so." Shaw timely filed a notice of appeal.

## DISCUSSION

Shaw appeals from the denial of his request for recall and resentencing pursuant to section 1172.1, asserting the court misapprehended its sentencing discretion under the resentencing statute. Respondent counters that the appeal must be dismissed because a trial court's denial of a defendant-initiated request for resentencing under section 1172.1 is not appealable and does not affect the defendant's substantial rights. We agree with respondent that the appeal must be dismissed.

Where, as here, execution of sentence has commenced and the judgment is final, the trial court is generally "deprived of jurisdiction to resentence" a criminal defendant. (*People v. Karaman* (1992) 4 Cal.4th 335, 344, citing *Dix v. Superior Court* (1991) 53 Cal.3d 442, 455; accord, *People v. E.M.* (2022) 85 Cal.App.5th 1075, 1082 (*E.M.*).) "Because of this 'rule precluding postjudgment motions,' a trial court generally lacks jurisdiction to hear one unless 'the Legislature has expressly authorized' the motion."

3

(*People v. Faustinos* (2025) 109 Cal.App.5th 687, 694 (*Faustinos*), quoting *People v. Picklesimer* (2010) 48 Cal.4th 330, 337 & fn.2 (*Picklesimer*).)

Section 1172.1 (former § 1170, subd. (d)) provides an exception to this general rule by authorizing a recall and resentencing procedure that may be invoked when, for example, the Secretary of the Department of Corrections and Rehabilitation recommends resentencing.  (§ 1172.1, subd. (a)(1); *E.M., supra*, 85 Cal.App.5th at p. 1082.)  Effective January 1, 2024, the Legislature amended section 1172.1 to expand a court's ability to resentence a defendant "on its own motion."  (See Assembly Bill No. 600 (2023-2024 Reg. Sess.; Stats. 2023, ch. 446, § 2.) Accordingly, section 1172.1, subdivision (a)(1) provides the court may, "on its own motion, ... at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law, . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, whether or not the defendant is still in custody, and provided the new sentence, if any, is no greater than the initial sentence."

Though the court can act on its own motion, defendants may not petition under section 1172.1.  The statute expressly states, "A defendant is not entitled to file a petition seeking relief from the court under this section." (§ 1172.1, subd. (c).)  Further, "If a defendant requests consideration for relief under this section, the court is not required to respond."  (*Ibid*.)  Accordingly, a defendant who files "an unauthorized request for resentencing has no right to a ruling." (*People v. Hodge* (2024) 107 Cal.App.5th 985, 996 (*Hodge*).)  The court in *Hodge* then concluded that because a trial court's decision not to exercise its discretion to recall a defendant's sentence did not affect a defendant's substantial rights, there was no statutory right to appeal under section 1237, subdivision (b).  (*Ibid*.)

We join the other Courts of Appeal that have unanimously followed *Hodge* and concluded that a trial court's decision declining to consider a defendant's resentencing request under section 1172.1 is not appealable. (*People v. Brammer* (2025) 117 Cal.App.5th 675, 696; *People v. Brinson* (2025) 112 Cal.App.5th 1040, 1045; *People v. Roy* (2025) 110 Cal.App.5th 991, 994; *Faustinos, supra*, 109 Cal.App.5th 687, 693; *People v. Wilson* (2025) 109

Cal.App.5th 198, 202.) The trial court's order denying Shaw's postjudgment request to modify his sentence under section 1172.1 did not affect his substantial rights and therefore did not constitute an appealable order. (§ 1237, subd. (b).)

Shaw points to the trial court's statement that it did "not have the jurisdiction to recall and resentence the defendant as he was properly sentenced in 2006,"and that none of the new laws passed would affect his sentence. Shaw argues that the trial court therefore "accepted [his] invitation to act under section 1172.1 and then articulated a plainly incorrect reason for its decision." We disagree. The specific language used by the court in denying Shaw's request for relief does not change our conclusion that its order is not appealable. (See *Faustinos, supra*, 109 Cal.App.5th at p. 697 ["We do not think that a court's phrasing of an order can convert a non-appealable order into an appealable one."].) Indeed, the court in *Faustinos* addressed this issue. There, the trial court denied the defendant's section 1172.1 motion, stating it "[did] not have jurisdiction to consider [the] motion." (*Id.* at p. 693.) The Court of Appeal concluded the order was not appealable, explaining, "A defendant is not entitled to file a section 1172.1 petition nor to receive a ruling if he nevertheless files one. It follows that an appeal from an order acting on his petition (whether couched as a denial, dismissal, or any other statement that the court is not acting) does not affect the defendant's substantial rights. We lack the authority to rule on the merits of appeals from orders filed in response to a defendant's attempt to seek resentencing under section 1172.1." (*Id.* at p. 696.)

The *Faustinos* court also rejected the defendant's argument that the trial court's order may have indicated that the court erroneously believed that it lacked the authority to act on its own motion, and that such error would render the order appealable. (*Faustinos, supra*, 109 Cal.App.5th at p. 697.) Even assuming such an error, the court found that it would not "convert a non-appealable order to an appealable one" because "appealability depends upon the nature of the decision made, not the court's justification for its ruling." (*Id.* at p. 698, citing *People v. Gallardo* (2000) 77 Cal.App.4th 971, 985.) We agree with *Faustinos* and conclude that a court cannot "transform a non-appealable order (stating that it would not act on an unauthorized

5

motion) into an appealable one by addressing a matter that it needed [*sic*] not address (its jurisdiction to act on its own), even if it was wrong about that matter." (*Faustinos, supra*, 109 Cal.App.5th at p. 698.)  As that court noted, "a defendant has a remedy if a trial court wrongly declares that it lacks jurisdiction to act on its own motion under section 1172.1.  That remedy is to petition for a writ of habeas corpus in the trial court." (*Id.* at p. 699, citing *Picklesimer, supra*, 48 Cal.4th at pp. 354-355 [post-judgment issue non-appealable so habeas petition is the "preferred remedy"].)

Contrary to Shaw's claim, the court here did not initiate recall and resentencing proceedings on its own motion. Instead, the court denied Shaw's request.  The cases in which courts have "accepted [a defendant's] invitation to act" on a petition under section 1172.1, thereby resulting in an appealable order, involved full briefing and argument by the parties, a hearing on the petition, and the court's full evaluation of the merits.  (See *People v. Craig* (2026) 117 Cal.App.5th 1165; *People v. Olea* (2025) 115 Cal App 5th 889, 901-902 [court "appointed counsel, released prison records to the parties, and scheduled a contested hearing, which the defendant attended remotely."]) Here, the trial court summarily denied Shaw's petition.  That denial was not appealable.  We also are not persuaded by Shaw's citation to *People v. Loper* (2015) 60 Cal.4th 1155.  *Loper* involved the appealability of a post-judgment proceeding that was "properly initiated" by government authorities rather than by the defendant.  (*Loper, supra*, 60 Cal.4th at p. 1158.)  No such proceeding was initiated here.

Finally, we disagree with Shaw's contention that the trial court's statement congratulating him on his participation in programs was an action by the court to "engage[ ] with the evidence of rehabilitation."  Shaw cites no authority in support of this contention and we are not persuaded that the court's statement of congratulations and encouragement to Shaw reflects a full consideration of his petition on the merits.  Thus, because the trial court's order denying Shaw's motion was not appealable, we must dismiss the appeal.

6

**DISPOSITION**

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.


We concur:



ZUKIN, P. J.



TAMZARIAN, J.