Filed 3/28/23  P. v. Ochoa CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOSE ROLANDO OCHOA,<br><br>    Defendant and Appellant. | F084071<br><br>(Super. Ct. No. VCF414648A)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Tulare County.  Melinda Reed, Judge.

Cynthia L. Barnes, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Darren K. Indermill, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

In 2021, appellant Jose Rolando Ochoa pleaded no contest to three charges: (1) possession of methamphetamine for sale (Health and Saf. Code, § 11378; count 1); (2) unlawful possession of ammunition (Pen. Code, § 30305, subd. (a)(1);[1] count 3); and (3) possession of drug paraphernalia (Health & Saf. Code, § 11364, subd. (a)(1); count 4). In conformity with the plea agreement, the trial court sentenced him in 2022 to prison for an aggregate determinate term of two years eight months.

Prior to sentencing in this matter, appellant filed a motion requesting the trial court to terminate his existing obligation to register as a sex offender. Appellant's duty to register stemmed from a criminal conviction he had received in 2002 in an unrelated case from the same county. Based on retroactive changes in the law, appellant argued that he was no longer required to register. The court denied the motion without prejudice.

On appeal, appellant does not challenge the validity of his change of plea or his sentence in this matter. Instead, he contends that the trial court erred in denying his motion to terminate his obligation to register as a sex offender stemming from his unrelated 2002 conviction. We find no error and affirm the judgment in this matter.

**BACKGROUND**

We summarize appellant's prior conviction which required him to register as a sex offender starting in 2002. We also recap the changes that have occurred in this area of the law. Finally, we summarize appellant's motion and the trial court's ruling.

**I.      Appellant's Felony Conviction in 2002.**

In 2002, appellant was convicted of sexual penetration of a minor (§ 289, subd. (h)). Because of that conviction, he was required to register as a sex offender under section 290 every year for life. (§ 290, former subds. (a)(1)(A), (a)(2)(A).) The

---

[1]      All future statutory references are to the Penal Code unless otherwise noted.

Legislature, however, subsequently amended the registration requirements. We summarize those changes.

## II.     Senate Bill No. 384.

In 2017, the Governor signed Senate Bill No. 384 (2017–2018 Reg. Sess.) (Senate Bill 384). (*Legg v. Department of Justice* (2022) 81 Cal.App.5th 504, 509.) This bill "established a three-tiered registry for sex offenders convicted in adult court, requiring an offender to register for a minimum of 10 or 20 years for certain offenses and for life for others, depending on the offender's designated tier. [Citation.]" (*Legg v. Department of Justice*, *supra*, 81 Cal.App.5th at p. 509.)

Senate Bill 384 created a mechanism through which a convicted person could terminate his previously mandated sex registration requirements. Section 290.5 permits an offender to file a petition in the superior court in the county in which the person is registered for termination from the sex offender registry on or after their next birthday (after July 1, 2021) following the expiration of the person's mandated minimum registration period. (§ 290.5, subd. (a)(1).) The petition must contain proof of the person's current registration as a sex offender. (*Ibid*.) In relevant part, the petition must be served on the registering law enforcement agency and the district attorney in the county where the petition is filed.[2] (§ 290.5, subd. (a)(2).) To have the petition granted, the offender must not be in custody or on parole, probation, or supervised release. (*Ibid.*)

After this change in law, appellant became a "tier one offender" based on his 2002 conviction for violating section 289, subdivision (h). As a tier one offender, appellant was required to register annually for 10 years. (§ 290, subds. (c) & (d)(1)(A).)

---

[2]     In addition, if the county of registration is different than where the petition is filed, the petitioner must serve the law enforcement agency and the district attorney of that other county. (§ 290.5, subd. (a)(2).)

## III. Senate Bill No. 145.

In 2020, the Governor signed Senate Bill No. 145 (2019-2020 Reg. Sess.) (Senate Bill 145.) This bill eliminated the mandatory duty for certain sex offenders to register. Appellant's 2002 conviction (§ 289, subd. (h)) qualifies under this change in law if he meets certain requirements. To qualify, appellant must not be more than 10 years older than the minor victim.[3] In addition, his 2002 conviction can be the only one requiring him to register. (§ 290, subd. (c)(2).)

Senate Bill 145 also gave trial courts the discretionary authority to require sex offenders to register if they were not otherwise required to register under section 290. (§ 290, subd. (c)(2).) If a person is not required to register as a sex offender pursuant to section 290, the person may still be required to register "if the court finds at the time of conviction or sentencing that the person committed the offense as a result of sexual compulsion or for purposes of sexual gratification."[4] (§ 290.006, subd. (a).)

## IV. Appellant's Motion to Terminate his Duty to Register.

On December 20, 2021, and before he was sentenced in the present matter following his change of plea, appellant filed a written motion in the trial court requesting termination of his ongoing duty to register as a sex offender stemming from his 2002 conviction. In his motion, appellant asserted that he was less than 10 years older than the minor victim when his sex crime had occurred in 2001. According to appellant, the victim was born in 1985, and she was approximately 16 years old at the time. Appellant was born in 1982, and he was approximately 19 years old at the time. Appellant asserted

---

[3]    The age difference between the offender and the minor victim is measured from the minor's date of birth to the offender's date of birth. (§ 290, subd. (c)(2).)

[4]    Section 290.006 gives certain factors for the court to consider, including (but not limited to) the nature of the registerable offense, the age and number of victims, and the offender's criminal behavior before and after the conviction for the registerable offense. (§ 290.006, subd. (c)(1)-(5).)

in his motion that, based on the age difference, he was no longer required to register as a sex offender pursuant to section 290.

On January 6, 2022, the trial court heard oral argument regarding this issue. Appellant's trial counsel asserted that, based on the change in law, the court was authorized to terminate appellant's duty to register. In contrast, the prosecutor contended that appellant had failed to comply with the notice requirements in section 290.5. According to the prosecutor, appellant had failed to notify the relevant law enforcement agency of his request.

The court denied appellant's motion, stating that he had not followed the proper procedure. The court believed that appellant was required to comply with section 290.5. The court also stated its belief that "the requirement for a sexual compulsion finding should be made at the time of sentencing," which had long passed. The court denied the motion without prejudice.

## V. Appellant Files his Notice of Appeal.

Following the imposition of judgment against him in 2022 in this matter, appellant filed a notice of appeal. Appellant's notice was based on a single issue—the denial of his motion to terminate his duty to register under section 290 stemming from his conviction in 2002.

## DISCUSSION

Appellant contends that the trial court erred in denying his motion. According to appellant, he has satisfied the requirements of section 290, subdivision (c)(2), and he should no longer be required to register as a sex offender. He asserts that this matter should be remanded for the lower court to terminate his registration requirement or for further proceedings to occur. In contrast, respondent argues that the trial court properly denied appellant's motion. Respondent asks us to affirm the judgment in this matter.

We agree with respondent and we reject appellant's arguments. Appellant failed to comply with the notice requirements of section 290.5. In addition, appellant's motion was not related to the present criminal matter, and we agree with respondent it is inappropriate to construe appellant's motion as a writ. The trial court did not err.

## I.     Appellant Failed to Comply with the Notice Requirements of Section 290.5

Section 290.5 provides a mechanism for a sex offender to seek termination of his duty to register. In relevant part, this statute requires a sex offender to provide proof in his petition of his current registration as a sex offender. (§ 290.5, subd. (a)(1).) In addition, the petitioner must serve his petition on the relevant law enforcement agency. (*Id.*, subd. (a)(2).) As respondent notes, appellant failed to comply with these requirements.

Because appellant did not serve the appropriate law enforcement agency with notice of his motion, information was not submitted to the trial court from that agency regarding whether or not appellant had met the requirements for termination pursuant to section 290, subdivision (e). (See § 290.5, subd. (a)(2).) In addition, the appropriate law enforcement agency was unable to assess whether or not other offenses existed which had not been previously assessed by the Department of Justice. (See § 290.5, subd. (a)(2).)

Moreover, if notice had been given properly, the district attorney would have had the right (within 60 days of receipt of the report from the appropriate law enforcement agency) to request a hearing "if community safety would be significantly enhanced" by appellant's continued registration. (§ 290.5, subd. (a)(2).) If appellant had complied with the procedural requirements and no hearing had been requested, the court would have been authorized to grant the petition for termination if the required proof of current registration was in the petition, there were no pending charges against appellant which could extend the time to complete the registration requirements of the tier or change

appellant's tier status, and appellant was not in custody or on parole, probation, or supervised release. (*Ibid.*)

Based on appellant's failure to comply with the notice requirements of section 290.5, the court properly denied appellant's motion. Indeed, section 290.5 permits a court to summarily deny a petition to terminate a mandatory sex registration if the petitioner has not fulfilled the filing and service requirements of that section. (§ 290.5, subd. (a)(2).) Moreover, it was not appropriate to grant the motion because appellant was in custody and he had failed to provide proof of his current registration as a sex offender. Thus, error did not occur and this claim fails.[5]

## II.    We Decline to Construe Appellant's Motion as a Writ.

Respondent raises the possibility that appellant's motion could be construed as a writ. Citing *People v. Picklesimer* (2010) 48 Cal.4th 330 (*Picklesimer*), respondent concedes that "it appears" appellant could have filed a writ in the superior court to challenge his duty to register as a sex offender. Respondent, however, contends that it is not appropriate to now consider appellant's motion as a writ because (1) it was not verified and (2) appellant is not entitled to termination of his duty to register as a matter of law.

In contrast, appellant maintains that he did not file a "free standing" postjudgment motion. Instead, appellant argues that his motion was made prior to sentencing in this matter and, according to appellant, his sentencing in this matter would "necessarily" have included the issue of his ongoing obligation to register as a sex offender due to Senate Bill 145. Appellant notes that the same superior court that sentenced him in this matter also sentenced him for his 2002 conviction that required him to register. Appellant

---

[5]    We note that appellant maintains a statutory right to file a petition with the trial court to seek termination of his registration requirements as a sex offender. (See § 290.5, subd. (a)(1)-(5).)

contends he has established the required grounds for the court to grant him relief, and error occurred.

We agree with respondent that it is not appropriate to construe appellant's motion as a writ. In *Picklesimer*, the California Supreme Court held that a defendant who is in actual or constructive custody may file a petition for writ of habeas corpus in the trial court to challenge as unconstitutional a conviction that has become final. (*Picklesimer*, *supra*, 48 Cal.4th at p. 339.) If the defendant is no longer in constructive custody, then a writ of mandate is the appropriate vehicle to challenge a final conviction. (*Ibid*.) A writ of mandate may be used to request a trial court to remove a defendant from the state sex offender registry after the defendant is no longer in custody. (*Id.* at p. 340.)

In *Picklesimer*, the defendant had been convicted of various sex crimes with a minor, and he was required to register as a sex offender. (*Picklesimer*, *supra*, 48 Cal.4th at p. 336.) He completed his sentence and was released from custody. (*Ibid*.) The defendant challenged his mandatory registration requirement in a motion filed in the superior court. The court ruled it lacked authority to grant relief. (*Ibid*.)

The California Supreme Court ultimately reviewed the matter, holding that no statutory authority exists for a trial court to entertain a postjudgment motion that is unrelated to any proceeding then pending before the court. (*Picklesimer*, *supra*, 48 Cal.4th at p. 337.) However, a trial court has discretion to construe such a motion as a writ of mandate if the pleading that has been filed meets or can be amended to meet the prerequisites for a petition for writ of mandate. (*Picklesimer*, *supra*, 48 Cal.4th at pp. 340–341.) Under the facts of its case, though, the high court declined to exercise its discretion to convert the defendant's motion to a petition for writ of mandate and decide it on the merits. (*Id.* at p. 345.) Instead, the record was incomplete and a contested issue existed regarding whether or not appellant was still required to register pursuant to

8.

section 290.006.[6] (*Picklesimer*, *supra*, 48 Cal.4th at p. 345.) Accordingly, the Supreme Court affirmed the judgment of the Court of Appeal but without prejudice to the defendant's opportunity to file an original petition for writ of mandate in the trial court seeking whatever relief he may be entitled. (*Id.* at p. 346.)

In the present matter, we reject appellant's assertion that his motion to terminate his sex registration requirement was "necessarily" part of the sentencing in this matter. To the contrary, appellant's duty to register was triggered by his 2002 conviction, which was wholly unrelated to this criminal matter or this sentencing. Appellant's present convictions did not trigger an obligation to register as a sex offender, and the court's sentence in this matter did not involve a requirement for appellant to register as a sex offender under section 290.

Moreover, appellant did not ask the trial court to construe his motion as a writ. In any event, the court did not conduct a hearing to determine whether or not appellant must continue to register as a sex offender under section 290.006. Instead, the court stated its belief that any determination regarding whether appellant had acted with a sexual compulsion should have been made at sentencing following his 2002 conviction. The court concluded that the proper procedure for appellant was to comply with section 290.5, and the court denied appellant's motion without prejudice.

This record is incomplete to determine as a matter of law whether or not appellant should no longer be required to register as a sex offender. Based on the trial court's discretionary authority under section 290.006, an unresolved and contested issue exists whether or not appellant may still be required to register as a sex offender. (See §§ 290,

---

**6**      To assist the reader, we again note that section 290.006 states in relevant part that, if a person is not required to register as a sex offender pursuant to section 290, the person must register "if the court finds at the time of conviction or sentencing that the person committed the offense as a result of sexual compulsion or for purposes of sexual gratification." (§ 290.006, subd. (a).)

subd. (c)(2), 290.006, subd. (a).) As such, we agree with respondent that it is inappropriate for us to exercise our discretion to construe appellant's motion as a writ. Consequently, we affirm appellant's 2022 judgment stemming from his convictions and sentence in the present matter. Affirmance of this judgment, however, does not preclude appellant from seeking relief in the superior court regarding his obligation to register as a sex offender stemming from his 2002 conviction.[7]

## DISPOSITION

The judgment is affirmed.

LEVY, Acting P. J.

WE CONCUR:

SNAUFFER, J.

DESANTOS, J.

---

[7] We note that appellant may not obtain relief under section 290.5 while he remains in custody or on parole, probation or supervised release. (§ 290.5. subd. (a)(2).) If appellant does not have an adequate remedy at law, he has the right to file an appropriate writ in the trial court to challenge any portion of his 2002 judgment. (See *Picklesimer*, *supra*, 48 Cal.4th at p. 339.)