Filed 8/6/25  P. v. Yim CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br>Plaintiff and Respondent,<br>v.<br>ROBERT DAVID YIM,<br>Defendant and Appellant. | No. A170588<br><br>(Alameda County<br>Super. Ct. No. H52579) |

Defendant Robert David Yim appeals from the trial court's order taking no action on his request for recall and resentencing under Penal Code section 1172.1.[1]  We affirm.

**BACKGROUND**[2]

On November 14, 2013, an amended information charged Yim with one count of murder (§ 187, subd. (a); first count) and three counts of willful, deliberate, and premeditated attempted murder (§§ 187, subd. (a), 664, subd. (a); second–fourth counts).  As to the first count, the amended information alleged that Yim personally and intentionally discharged a firearm and caused great bodily injury and death.  (§ 12022.53, subd. (d).)  As to the other

---

[1] All statutory references are to the Penal Code.

[2] Because the facts of the crimes themselves have no bearing on the issue raised in this appeal, we omit them.

1

three counts, it alleged that Yim personally and intentionally discharged a firearm. (§ 12022.53, subd. (c).)

After trial, the jury acquitted Yim of first degree murder but found him guilty of second degree murder. As to the murder conviction, the jury found true the allegation that Yim personally and intentionally discharged a firearm and caused great bodily injury and death. The jury also found Yim guilty on the other three counts of attempted murder but found that he did not commit them "willfully, deliberately and with premeditation." It did, however, find true the allegation that Yim personally and intentionally discharged a firearm as to all three attempted murder convictions.

In March 2014, the trial court sentenced Yim to an aggregate prison term of 127 years to life. That sentence consisted of 15 years to life for second degree murder (§ 187, subd. (a)) and 25 years to life on the firearm discharge and great bodily injury and death enhancement (§ 12022.53, subd. (d)) plus consecutive determinate terms of nine years for each attempted murder conviction (§§ 187, subd. (a), 664, subd. (a)) and 20 years for each firearm discharge enhancement (§ 12022.53, subd. (c)).

Yim appealed. This court reduced his "sentence as to the determinate terms for two of the attempted murder convictions and their related enhancements" but affirmed in all other respects. (*People v. Yim* (June 15, 2015, A141404) [nonpub. opn.].) On remand, the trial court modified Yim's sentence in accordance with our decision and sentenced him to an aggregate prison term of 87 years to life.

On January 30, 2024, Yim filed a "Request for Recall of Sentence and Resentencing Pursuant to Assembly Bill 600 and Penal Code Section 1172.1." (Block capitalization omitted, title capitalization added.) On March 26, 2024, the trial court issued a written order stating that as to Yim's "submissions," it

"TAKES NO ACTION. (Pen Code, § 1172.1, subd[s]. (a)(1), (5) [listing the resentencing factors], (c) ['A defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond.'].)" The order also "otherwise" dismissed Yim's "request for lack of jurisdiction," citing "*People v. Picklesimer* (2010) 48 Cal.4th 330, 337 [(*Picklesimer*)] [inapplicable exceptions notwithstanding, trial courts are not authorized to consider or rule on post-judgment motions unrelated to any matters then pending in the court]."

Yim appealed from the March 26, 2024 order.

## DISCUSSION

Section 1172.1, subdivision (a)(1) provides that "[w]hen a defendant, upon conviction for a felony offense, has been committed . . ., the court may, on its own motion, within 120 days of the date of commitment or at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced . . . ." However, "[a] defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond." (§ 1172.1, subd. (c).)

As a threshold matter, the parties disagree over the appealability of the trial court's order declining to grant relief under section 1172.1. According to Yim, the court erred in finding that it lacked jurisdiction to consider his request. He contends that this error affected his substantial rights and that the court's order is therefore appealable. The People counter that the court's order, even if erroneous, did not affect Yim's substantial rights and is

3

therefore not appealable. We, however, need not decide whether the order is appealable because even if it is not, we would exercise our discretion to "treat a failed appeal as a petition for a writ of mandate . . . ." (*Quintanar v. County of Riverside* (2014) 230 Cal.App.4th 1226, 1232.)

Turning to the merits, it is clear from the trial court's order that it understood it had discretion to recall Yim's sentence and resentence him under section 1172.1, subdivision (a) but chose not to exercise that discretion in accordance with subdivision (c). Indeed, the order expressly cited both subdivisions (a) and (c) and even quoted the language of subdivision (c) in support of its decision to "TAKE[ ] NO ACTION."

That the trial court's order also "otherwise" dismissed Yim's "request for lack of jurisdiction" does not suggest otherwise. First, the use of the word "otherwise" indicates that this is, at most, an alternative ground for denying relief. Second, the citation to *Picklesimer* establishes that the court was simply holding that it lacked jurisdiction to consider Yim's request as a postjudgment motion. (See *Picklesimer*, *supra*, 48 Cal.4th at p. 337 [" '[t]here is no statutory authority for a trial court to entertain a postjudgment motion that is unrelated to any proceeding then pending before the court' "].) Finally, even if this language in the order created some ambiguity, it is not enough to overcome the presumption that the court knew and " ' "applied the correct statutory and case law in the exercise of its official duties . . . ." ' " (*People v. Johnson & Johnson* (2022) 77 Cal.App.5th 295, 325.)

## DISPOSITION

The order is affirmed.

4

CHOU, J.

WE CONCUR.

SIMONS, Acting P. J.
BURNS, J.

A170588/ *People v. Yim*

5