Filed 12/15/25  P. v. Pham CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>      v.<br><br>HUNG VAN PHAM,<br><br>    Defendant and Appellant. | G064138<br><br>(Super. Ct. No. 04WF0034)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Michael J. Cassidy, Judge. Affirmed.

David R. Greifinger, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters and Charles C. Ragland, Assistant Attorneys General, and Steve Oetting and Kristen Ramirez, Deputy Attorneys General, for Plaintiff and Respondent.

After Hung Van Pham pleaded guilty to attempted murder and admitted to firearm and great bodily injury (GBI) enhancements, he was sentenced to 32 years. In 2023, while still in custody, he filed a motion pursuant to Penal Code section 1473.7 raising a claim under the Racial Justice Act (RJA).[1] The trial court denied the motion because a section 1473.7 motion may not be brought by a person in custody. Pham appealed. He argues the court should have construed, sua sponte, his motion as a petition for habeas corpus pursuant to section 1473, subdivision (e). We disagree and affirm.

STATEMENT OF THE CASE

On October 22 2010, Pham pleaded guilty to attempted murder, a personal firearm use enhancement, and a GBI enhancement. In the plea form, Pham acknowledged the following possible penalties: an upper term of 9 years for the attempted murder, 20 years for the firearm enhancement, and 3 years for the GBI enhancement, totaling 32 years. He further acknowledged he understood the trial court would sentence him to 32 years in prison and that he would waive any custody and work time credit. On November 4, 2010, the court sentenced him to 32 years in prison.

On October 10, 2023, Pham filed a motion to vacate his convictions pursuant to section 1473.7, subdivisions (a)(1), (2) of the RJA. He claimed his sentence of 32 years is significantly more time than the sentence of other similarly-situated individuals, citing three unpublished criminal cases wherein the criminal defendant received less time.

---

[1] All further statutory references are to the Penal Code, unless stated otherwise.

The trial court appointed the public defender to represent Pham. On April 19, 2024, the court held a hearing on the motion. At the hearing, the public defender conceded Pham was not eligible for relief because he is in custody, but requested "any denial be done without prejudice." Subsequently, the court denied the motion to vacate the convictions pursuant to section 1473.7 without prejudice.

Pham timely appealed.

DISCUSSION

"The Legislature passed the RJA in 2020 with a stated aim 'to eliminate racial bias from California's criminal justice system' and 'to ensure that race plays no role at all in seeking or obtaining convictions or in sentencing.' (Stats. 2020, ch. 317, § 2, subd. (i).) To that end, the RJA prohibits the state from seeking or obtaining a criminal conviction, or seeking, obtaining, or imposing a sentence, on the basis of race, ethnicity, or national origin. (§ 745, subd. (a).)" (*People v. Wilson* (2024) 16 Cal.5th 874, 945–946.)

The Legislature established three vehicles to raise a RJA claim. "A defendant may file a motion pursuant to this section, or a petition for writ of habeas corpus or a motion under [s]ection 1473.7, in a court of competent jurisdiction, alleging a violation of subdivision (a)." (§ 745, subdivision (b).) When each vehicle can be used is set forth in section 745, subdivision (j). That statutory section provides the RJA applies as follows:

"(1) To all cases in which judgment is not final.

"(2) Commencing January 1, 2023, to all cases in which, at the time of the filing of a petition pursuant to subdivision (e) of [s]ection 1473 raising a claim under this section, the petitioner is sentenced to death or to cases in which the motion is filed pursuant to [s]ection 1473.7 because of

3

actual or potential immigration consequences related to the conviction or sentence, regardless of when the judgment or disposition became final.

"(3) Commencing January 1, 2024, to all cases in which, at the time of the filing of a petition pursuant to subdivision (e) of [s]ection 1473 raising a claim under this section, the petitioner is currently serving a sentence in the state prison or in a county jail pursuant to subdivision (h) of [s]ection 1170, or committed to the Division of Juvenile Justice for a juvenile disposition, regardless of when the judgment or disposition became final.

"(4) Commencing January 1, 2025, to all cases filed pursuant to [s]ection 1473.7 or subdivision (e) of [s]ection 1473 in which judgment became final for a felony conviction or juvenile disposition that resulted in a commitment to the Division of Juvenile Justice on or after January 1, 2015.

"(5) Commencing January 1, 2026, to all cases filed pursuant to [s]ection 1473.7 or subdivision (e) of [s]ection 1473 in which judgment was for a felony conviction or juvenile disposition that resulted in a commitment to the Division of Juvenile Justice, regardless of when the judgment or disposition became final." (§ 745, subd. (j).)

As referenced in section 745, subdivision (b), a "petition for writ of habeas corpus" refers to a petition for habeas corpus brought under section 1473, subdivision (e). (See § 1473, subd. (e) ["Notwithstanding any other law, a writ of habeas corpus may also be prosecuted after judgment has been entered based on evidence that a criminal conviction or sentence was sought, obtained, or imposed in violation of subdivision (a) of Section 745, if that section applies based on the date of judgment as provided in subdivision (j) of Section 745"].) A "motion under [s]ection 1473.7" refers to a motion filed pursuant to section 1473.7, subdivision (a), which provides in relevant parts that "[a] person who is no longer in criminal custody may file a motion to

4

vacate a conviction or sentence" on the ground that "[a] conviction or sentence was sought, obtained, or imposed on the basis of race, ethnicity, or national origin in violation of subdivision (a) of [s]ection 745." (§1473.7, subd. (a)(3).)

Here, Pham raised his RJA claim in a motion filed pursuant to section 1473.7. However, a section 1473.7 motion may be brought only by a person who is no longer in criminal custody. (§ 1473.7, subd. (a).) Pham conceded in his motion that he is currently in criminal custody. Accordingly, the trial court did not err in denying his motion to vacate his convictions.

On appeal, Pham argues the trial court should have construed the motion as one brought under section 745, subdivision (b). As noted above, section 745, subdivision (j) sets forth the three vehicles for raising a RJA claim, which includes the section 1473.7 motion used in this matter. Because Pham is in custody, we will construe this argument as asserting the court had a duty to construe the motion as one of the other two vehicles, i.e., a motion brought under section 745 or a petition for writ of habeas corpus brought pursuant to section 1473, subdivision (e). Pham, however, did not cite any legal authority for this proposition in his opening appellate brief. In his reply brief, he cites *People v. Pickelsimer* (2010) 48 Cal.4th 330 and *In re Stier* (2007) 152 Cal.App.4th 63. These cases stand for the unremarkable proposition that "[t]he label given a petition, action or other pleading is not determinative; rather, the true nature of a petition or cause of action is based on the facts alleged and remedy sought in that pleading." (*Pickelsimer*, 48 Cal.4th at p. 340; *Stier*, 152 Cal.App.4th at p. 83.) However, whether the court decides to treat one pleading as another is left to the court's discretion. The court has no mandatory duty to do so. (See, e.g., *Pickelsimer*, 48 Cal.4th at p. 340 ["Assuming the pleading that has been filed meets or can be amended to meet the prerequisites for a petition for writ of mandate, a court

5

in its discretion may treat a motion or a petition for a different writ as a mislabeled petition for writ of mandate"].) Moreover, the court was never asked to treat the section 1473.7 motion as a section 745 motion or a petition for writ of habeas corpus pursuant to section 1473, subdivision (e). Accordingly, Pham has not shown any abuse of discretion or error on the part of the court in denying his section 1473.7 motion.

As an alternative basis for reversal, Pham argues his trial counsel was ineffective for failing to challenge the trial court's finding he was ineligible for relief.(See *People v. Barrett* (2025) 17 Cal.5th 897, 969 [""In assessing claims of ineffective assistance of trial counsel, we consider whether counsel's representation fell below an objective standard of reasonableness under prevailing professional norms and whether the defendant suffered prejudice to a reasonable probability, that is, a probability sufficient to undermine confidence in the outcome,"" internal quotations omitted].) However, the court's finding of ineligibility was correct. Pham cannot bring a section 1473.7 motion because he is in criminal custody. (§ 1473.7, subd. (a).) Therefore, counsel was not ineffective for conceding a legally correct finding. Additionally, the motion was denied without prejudice at counsel's request. Thus, Pham is not precluded from bringing his RJA claim as a petition for writ of habeas corpus. On this record, Pham has not

shown either deficient performance or prejudice. Accordingly, we reject his ineffective assistance of counsel claim.[2]

DISPOSITION

The postjudgment order is affirmed.

DELANEY, J.

WE CONCUR:

MOORE, ACTING P. J.

SANCHEZ, J.

---

[2] Before oral argument, appellate counsel notified the court that effective October 13, 2025, the RJA and related statutes have been amended. The new legislation does not affect our analysis. Pham did not raise a valid RJA claim under section 1473.7, because even under the new legislation, section 1473.7 requires him to not be in custody. (See Assem. Bill No. 1071 (2025-2026 Reg. Sess.) § 4.) At oral argument, counsel requested that in light of the new legislation, this court should affirm in full. Our decision satisfies that request.