Filed 3/20/26  P. v. Oden CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B341857 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA048461) |
| v. | |
| TERRELL ODEN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Laura L. Laesecke, Judge.  Dismissed.

Micah Reyner, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri, Supervising Deputy Attorney General, Marc A. Kohm, Deputy Attorney General, for Plaintiff and Respondent.

Defendant Terrell Oden (defendant) was convicted of first degree murder and conspiracy to commit murder more than 20 years ago. In 2006, on appeal from the judgment, this Court reversed a sentencing enhancement and remanded for the trial court to make specified amendments to the abstract of judgment. Later, in 2024, defendant filed a freestanding "Motion for an Order Awarding Additional Custody Credits" that argued the trial court should recalculate his presentence custody credits. The trial court denied that motion and we consider whether we have jurisdiction to entertain this appeal from that ruling when the trial court had no jurisdiction to decide the motion in the first place.

## I. BACKGROUND

### A. *Conviction and Sentencing*[1]

Defendant was charged with three counts of murder, one count of conspiracy to commit murder, and two counts of attempted murder. As to all but the conspiracy count, it was alleged the crimes were committed for the benefit of a criminal street gang (Pen. Code, § 186.22, subd. (b)) and a principal used a firearm in the commission of the offense (Pen. Code, § 12022.53, subds. (b), (e)(1)).[2]

Following an initial mistrial where the jury was deadlocked, the jury at defendant's second trial found him guilty

---

[1] We grant defendant's request for judicial notice of this Court's prior opinion in *People v. Oden* (May 1, 2006, B180024) [nonpub. opn.].

[2] Undesignated statutory references that follow are to the Penal Code.

2

of one count of first degree murder and of conspiracy to commit murder; the jury also found the gang and firearm enhancements true. (The jury did not reach a verdict on the remaining counts.)

In December 2004, the trial court sentenced defendant to 75 years to life in prison: 25 years to life on the murder count, doubled due to a prior "strike" conviction, plus 25 years to life for the firearm enhancement. The trial court imposed and stayed sentences on the conspiracy count and the gang enhancement. Defendant was awarded 1,484 days of presentence custody credit.

In April 2005, defendant resolved the remaining counts by pleading no contest to one count of assault with a firearm. The trial court sentenced him to an additional four years in state prison, to run concurrently with the sentence imposed a few months earlier. He was awarded 1,615 days of presentence custody credit.

### B.    Direct Appeal and Proceedings on Remand

In May 2006, this Court "reverse[d] the section 186.22, subdivision (b) enhancement imposed and stayed by the trial court" and "remand[ed] the matter to the trial court to amend the abstract of judgment to delete the section 186.22 enhancement and to impose instead a minimum parole term of 15 years pursuant to section 186.22, subdivision (b)." (*People v. Oden, supra,* B180024.) The judgment was affirmed in all other respects. (*Ibid.*)

On remand, the trial court ordered the abstract of judgment amended at a hearing at which defendant was represented by counsel, but not personally present. As stated in the trial court's minute order, "Enhancement per section 186.22 is ordered deleted and instead a minimum parole term of 15

3

years per section 186.22(b) is ordered to run consecutive [sic]." The amended abstract of judgment relating to the murder and conspiracy convictions reflects a 15-year "enhancement" under section 186.22, subdivision (b)(1), however.

The trial court did not recalculate defendant's custody credits at this hearing. The abstract of judgment relating to the murder and conspiracy convictions reflects the 1,484 days of credit awarded at sentencing in December 2004, and the abstract of judgment relating to assault with a firearm reflects the 1,615 days awarded in April 2005.

### C. *The Motion for Additional Custody Credits at Issue in This Appeal*

In October 2024, defendant filed a "Motion for an Order Awarding Additional Custody Credits." He argued the trial court "failed to award" him "any presentence custody credits for the time served prior to" what he characterized as his "resentencing" on remand in 2006.

The trial court denied the motion without holding a hearing. The court's minute order explains: "In its affirmation of the judgment [in 2006], the Court of Appeal did not direct the court to amend the custody credits. This court will not do so now."

## II. DISCUSSION

Where the trial court lacks jurisdiction to entertain a motion, this Court lacks jurisdiction to entertain an appeal from the denial of that motion. (*People v. King* (2022) 77 Cal.App.5th 629, 633-634.) As we explain, that is the scenario we confront here.

4

The general rule is that trial courts lack jurisdiction to make non-clerical changes to a defendant's sentence once the conviction is final and execution of the sentence has commenced. (See, e.g., *People v. Burgess* (2022) 86 Cal.App.5th 375, 382; *King*, *supra*, 77 Cal.App.5th at 634.) Defendant, however, argues the trial court did have jurisdiction to rule on his freestanding motion to recalculate presentence custody credits because he believes the credits issue amounts to an unauthorized sentence. The Courts of Appeal are divided on that question, i.e., whether a trial court has jurisdiction to rule on a freestanding motion asserting an unauthorized sentence after a conviction is final. (Compare *People v. Boyd* (2024) 103 Cal.App.5th 56, 62 ["when a case is final, the mere fact that a sentence is unauthorized does not confer jurisdiction on a trial court to vacate that sentence or on a reviewing court to entertain an appeal based on a claim the sentence was unauthorized"]; *People v. Garcia* (2025) 114 Cal.App.5th 139, 144-146 [same]; *King*, *supra*, at 633-634 [same] with *People v. Codinha* (2023) 92 Cal.App.5th 976, 993 ["an unauthorized sentence is a void judgment that may be vacated or corrected whenever it is brought to the trial court's attention, even after execution of the invalid sentence has begun or the judgment has become final"]; *People v. Cervantes* (2025) 115 Cal.App.5th 825, 829-831 ["Trial courts have the inherent authority to correct unauthorized sentences at any time the issue is presented to the court"].)

Some time ago, our Supreme Court issued opinions with language that does suggest trial courts have *jurisdiction* to correct an unauthorized sentence even after a conviction is final (*People v. Picklesimer* (2010) 48 Cal.4th 330, 338; *People v. Cunningham* (2001) 25 Cal.4th 926, 1044-1045), but the high

5

court has more recently explained the unauthorized sentence rule does not confer jurisdiction and instead amounts to merely an exception to the waiver doctrine (*In re G.C.* (2020) 8 Cal.5th 1119, 1129-1130 ["to invoke [the unauthorized sentence] rule the court must have jurisdiction over the judgment"]).  It would be better if the law in this area were clearer, but absent greater clarity, we believe the best course is to follow our Supreme Court's most recent word on the matter in *In re G.C.* and hold the trial court accordingly lacked jurisdiction to entertain defendant's motion.[3] As already mentioned, that means we lack jurisdiction to decide this appeal.

We do have discretion to treat defendant's appeal as a petition for a writ of habeas corpus, but this appeal does not raise "purely legal" questions warranting such treatment.  (*Boyd*, *supra*, 103 Cal.App.5th at 71-72.)  Indeed, defendant acknowledges in his opening brief that the "existing record" does not reflect his "true arrest date," and that means there remains a factual question concerning the specific number of days for which he is entitled to presentence custody credit.

---

[3]     To the extent defendant characterizes the trial court's failure to recalculate presentence custody credits as a clerical error, the argument lacks merit.  (*Boyd*, *supra*, 103 Cal.App.5th at 63 [no clerical error where "[w]hat the trial court ordered was properly recorded in judicial records"].)  The abstract of judgment does include a different clerical error, however—one that the trial court can correct at any time.  (See, e.g., *People v. Jones* (2012) 54 Cal.4th 1, 89.)  The abstract of judgment for the murder and conspiracy convictions still reflects imposition of a 15-year enhancement despite this court's earlier direction to delete the section 186.22 enhancement and instead impose a minimum parole eligibility period of 15 years.

DISPOSITION

The appeal is dismissed.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS



BAKER, J.


We concur:



HOFFSTADT, P. J.



MOOR, J.