Filed 6/11/26  P. v. Kelly CA2/5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DEMONT EARL KELLY,<br><br>    Defendant and Appellant. | B345154<br><br>(Los Angeles County<br>Super. Ct. No. SA021377) |

APPEAL from an order of the Superior Court of Los Angeles County, Joseph J. Burghardt, Judge.  Dismissed.

James Koester, under the appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney, Noah P. Hill and Roberta L. Davis, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Demont E. Kelly appeals the trial court's denial of his Penal Code section 1172.1 petition for resentencing, asserting that the court's decision is appealable as an order affecting his substantial rights (Pen. Code, § 1237, subd (b)).[1] We hold the order is not appealable and dismiss the appeal.

## BACKGROUND

The facts underlying the crimes are not in dispute and are set forth in our prior unpublished opinion—*People v. Kelly* (Dec. 10, 1996, B096099 [nonpub. opn.]). In 1995, defendant entered a bank to commit robbery and, in the process, fired his gun at two people—Alex Tamayo and Richard Rodriguez. Tamayo was hit and, as a result, was paralyzed from the chest down. Defendant committed these crimes within a few months after his release from prison, where he was serving time for his conviction of assault with a deadly weapon.

That same year, defendant was convicted of attempted murder of Tamayo (§§ 664, 187, subd. (a)), attempted willful, deliberate and premeditated murder of Rodriguez (*ibid.*), and attempted second degree robbery (§§ 664, 211). Allegations that he personally used a firearm in the offenses (§ 12022.5) and that he personally inflicted great bodily injury on Tamayo (§ 12022.7, subd. (b)) were found true. It was further determined that defendant had a prior serious felony conviction (§ 667, subd. (a)(1)), a prior conviction under the Three Strikes law (§§ 667, subds. (b)–(i)), 1170.12, subds. (a)–(d)), and had served a prior prison term (former § 667.5, subd. (b)). The trial court imposed a state prison sentence of 40 years and eight months plus two life terms. On December 10, 1996, another panel of our Division affirmed the judgment but modified the sentence on the

---

[1] Further statutory references are to the Penal Code.

2

conviction of attempted murder of Rodriguez from two life terms to 14 years to life. (*People v. Kelly*, *supra*, B096099.)

## RESENTENCING PETITIONS

In 2023, defendant filed a section 1172.6 petition for resentencing; he was represented by a deputy public defender. On May 14, 2024, while the section 1172.6 petition was still pending, defendant filed a pro per petition for resentencing pursuant to section 1172.1.

On July 17, 2024, the trial court conducted a hearing regarding the status of the section 1172.6 petition. After defense counsel said she had spoken to defendant about the 1172.1 petition but had not seen the document, the court agreed to provide her with a copy of the pleading and allowed counsel to represent him on that petition. The court then continued the matter for a status report on both petitions. Defense counsel filed a section 1172.1 petition on September 10, 2024, as a supplement to the pro per petition.

Several continuances followed, the last of which was on November 21, 2024 whereupon the trial court continued the case to February 5, 2025 for "status" on both petitions. At the February hearing, the Deputy District Attorney assigned to the section 1172.1 petition (each petition was assigned to a separate prosecutor) argued the matter should be taken off calendar because, pursuant to section 1172.1, subdivision (c), the trial court lacked jurisdiction to consider a petition filed by the defense. Defense counsel took the position that the court should interpret the defense petition as an invitation to the court to exercise its discretion to make its own motion and set the matter for a hearing. After citing facts related to the underlying offenses and defendant's conduct in prison, the trial court ruled as follows:

3

The prosecution is correct. Penal Code section 1172.1[, subdivision] (c), the defendant is not entitled to file a petition seeking relief from the court under this section. (*Sic*.) If the defendant requests consideration for relief under this section, the court is not required to respond.

Weighing all the—everything that I know about this case, I'm not going to resentence Mr. Kelly.

I've considered his petition. But based on 1172.1[, subdivision] (c) and the facts and circumstances of the case along with other considerations, the court declines to resentence the defendant on his own motion.

So the 1172.1 request—I guess you could call it—is denied.

## DISCUSSION

### I. *No Statutory Right to Appeal*

"The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute." (*People v. Loper* (2015) 60 Cal.4th 1155, 1159.) Section 1237 governs criminal appeals and, as relevant here, it permits an appeal from a postjudgment order only if the order affects the appealing party's substantial rights. (§ 1237, subd. (b).) As we will explain, the court's order denying the section 1172.1 request for resentencing did not affect defendant's substantial rights.

A trial court may rule on postjudgment matters only if the Legislature has provided it with jurisdiction to do so. (*People v. Picklesimer* (2010) 48 Cal.4th 330, 337.) With respect to section 1172.1 petitions, the Legislature has specifically vested certain

4

officials as well as prosecutorial and correctional agencies with the authority to request recall and resentencing. (§ 1172.1, subd (a)(1).) In contrast, the statute expressly states, "[a] defendant is *not* entitled to file a petition seeking relief from the court under this section" and, if a defendant requests section 1172.1 relief, "the court is not required to respond." (§ 1172.1, subd. (c), italics added.) Consistent with barring a defendant's petition, section 1172.1 requires the trial court to advise a defendant of his or her appeal rights only "[a]fter ruling on *a referral* authorized by this section . . . ." (*Id.*, at subd. (d), italics added.) Presumably, if the Legislature had contemplated an appealable order from a ruling on a defendant's petition, it would not have limited the advisement of appellate rights to rulings resulting from a referral made by a qualifying agency or official.

In sum, defendant did not have a right to file a section 1172.1 petition and the trial court had no obligation to advise him of any appellate rights connected to its order or to even issue an order in the first place. Thus, we agree with our colleagues in the Fourth District that "an appeal from an order acting on [a section 1172.1] petition (whether couched as a denial, dismissal, or any other statement that the court is not acting) does not affect the defendant's substantial rights [under section 1237, subdivision (b)]." (*People v. Faustinos* (2025) 109 Cal.App.5th 687, 695–696; accord, *People v. Brammer* (2025) 117 Cal.App.5th 675, 696 [a court that receives an unauthorized section 1172.1 petition may exercise its discretion to recall the sentence on its own motion but "an order declining to exercise such discretion is not appealable"].)

5

## II. *Defendant's Argument*

Defendant attempts to analogize his case to two cases that have held a trial court's order denying the defendant's petition for relief under section 1172.1 affected the defendant's substantial rights and was therefore appealable—*People v. Craig* (2026) 117 Cal.App.5th 1165 (*Craig*) and *People v. Olea* (2025) 115 Cal.App.5th 889 (*Olea*).

*Olea* and *Craig* determined the trial court accepted the defendant's invitation to act on the merits of a section 1172.1 petition by considering a written opposition from the prosecution, holding a hearing wherein the prosecutor and defense counsel argued whether resentencing was warranted, and fully evaluating the merits of the petition. (*Craig, supra*, 117 Cal.App.5th at pp. 1169–1170; *Olea, supra*, 115 Cal.App.5th at pp. 901–902.)

This case is different. Defendant's February 2025 hearing was set for "status" on both petitions; it was not set for a hearing on the merits of either petition. The trial court had not considered or invited any opposition from the prosecution. Although the trial court conducted a hearing and discussed some of the facts underlying the crimes as well as defendant's performance in prison, the hearing was to determine whether the court should exercise its discretion to consider the merits of the petition on its own motion. Even defense counsel recognized as much in her argument:

> [Section 1172.1] does give the defendant the ability to have an invitation for the court to then motion for the 1172.1. (*Sic*.) And that is what we are doing. [¶] We understand that we cannot create . . .

6

the petition.  But we do have the ability to invite the court to then resentence [defendant] . . . .[¶] And so that's what we are asking the court.  *We are inviting the court to consider resentencing [defendant] and set this for a motion or hearing to be heard.*  And the court does have that authority.  (Italics added.)

The trial court's decision to reject what it described as defense counsel's "request" reinforces the conclusion that the trial court did not rule on the merits of the petition.

The focus of the brief argument made at the hearing by the prosecutor assigned to handle the section 1172.1 petition aligns with this interpretation of the trial court's ruling.  Rather than concentrating on the merits of the petition, the prosecutor took the position that the trial court lacked jurisdiction to hear the petition—a position characterized by the court as "correct" and, when it ruled, it properly supported that determination with a citation to section 1172.1, subdivision (c).

We are not presented with a case where the trial court effectively evaluated and denied the petition after conducting the equivalent of a hearing on the merits.[2]  *Olea* and *Craig* are inapposite.[3]

---

[2]    Notably, the section 1172.6 petition was also not addressed on the merits; the matter was continued to April 22, 2025 for what the trial court described as "just a setting."

[3]    Because *Craig* and *Olea* are factually distinguishable from the instant case, we decline to reach the People's argument that the analysis contained therein is flawed.

**DISPOSITION**

The appeal is dismissed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


                                        KUMAR, J.*

We concur:


        HOFFSTADT, P. J.


        KIM (D.), J.

---

\*      Retired Judge of the Superior Court of Los Angeles County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.